IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**VINCENT GREGORY BAISI,**

    **Plaintiff,**

v.                                                           **Case No. 3:24-cv-00163**

**WESTERN REGIONAL JAIL;**
**CPL. JOHN BLEAVINS,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On March 29, 2024, Plaintiff Vincent Gregory Baisi, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 claiming unsanitary prison conditions. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed Plaintiff's allegations, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1), as moot, **DISMISS** this case, and **REMOVE** it from the docket of the Court.

**I.**    **Relevant Facts**

Plaintiff complains that, on February 15, 2024, he was in segregation at the

Western Regional Jail and Correctional Facility ("WRJ") and received a breakfast tray in his cell. (ECF No. 2 at 4). When he removed the wax paper that was covering his cereal, he found a dead mouse in his food. (*Id.*). Plaintiff became ill at the sight of the mouse, vomited, and was unable to "mentally overcome the thought and smell to eat for almost a week." (*Id.*). Plaintiff seeks money damages in the amount of $100,000. (*Id.* at 5).

## II.     Standard of Review

Under the provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*, or requests redress from a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328.

Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.,*

2

324 F.3d 761, 765 (4th Cir. 2003).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Discussion

Plaintiff seeks monetary relief under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil or constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." A claim under 42 U.S.C. § 1983 has two essential elements: there was a violation of the plaintiff's rights under the Constitution and laws of the United States, and the alleged violation was committed by a person acting under color of state law. *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971).

3

Plaintiff claims that Defendants[1] violated his constitutional rights by serving him an unsanitary meal. According to the West Virginia Regional Jail & Correctional Facility Authority Inmate Locator, Plaintiff is currently a pretrial detainee at the WRJ. *See* https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender. A pretrial detainee's claims of unconstitutional conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Hammock v. Watts*, No. CV TDC-22-0482, 2023 WL 2457242, at *6 (D. Md. Mar. 10, 2023) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment prohibits conditions of confinement which amount to punishment of a pretrial detainee, because "a detainee may not be punished prior to an adjudication of guilt." *Id.* A condition or restriction of confinement is impermissible under the Fourteenth Amendment when it is "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Short v. Hartman,* 87 F.4th 593, 606 (4th Cir. 2023) (quoting *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988)). To succeed on his Fourteenth Amendment claim, Plaintiff must show, under a purely objective standard, that the defendants knew or should have known that a substantial risk of harm to Plaintiff existed; the defendants were intentionally, knowingly, or recklessly indifferent to the substantial risk of harm; and Plaintiff was harmed as a result. *Short,* 87 F.4th at 604-05, 611 (holding that "pretrial detainees can

---

[1] Plaintiff's complaint does not indicate whether he intended to sue Defendant Bleavins in his official or individual capacity. The determination of whether a defendant has been named in his official or individual capacity is generally determined by examining "the face of the complaint." *Amos v. Maryland Dep't of Pub. Safety & Corr. Servs.,* 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). "When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows,* 66 F.3d 56, 61 (4th Cir. 1995). In this case, the issue of capacity is not significant given that Plaintiff fails to allege facts that rise to the level of a constitutional violation.

state a claim under the Fourteenth Amendment, based on a purely objective standard, for prison officials' deliberate indifference to excessive risks of harm.").

"The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees." *Prigg v. Baltimore Cnty. Dep't of Corr.*, No. CV DLB-23-48, 2024 WL 1012885, at *6 (D. Md. Mar. 8, 2024) (citing *Bell*, 441 U.S. at 545). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* (quoting *Martin*, 849 F.2d at 870). "Prison conditions may be restrictive and even harsh." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation and internal quotations omitted). Ultimately, the Constitution "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis" of a constitutional violation. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes,* 452 U.S. at 347). "[F]or prison conditions to rise to the level of unconstitutional punishment, there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition." *Rhodes,* 452 U.S. at 347. "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler,* 989 F.2d 1375, 1379–80 (4th Cir. 1993)).

"It is well established that inmates must be provided nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it," *Shrader v. White,* 761 F.2d 975, 986 (4th Cir. 1985) (citing *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir. 1980)). Therefore, "[a]llegations of inadequate food for human nutritional needs or unsanitary

5

food service facilities are sufficient to state a cognizable constitutional claim so long as the deprivation is serious and the defendant is deliberately indifferent to the need." *King v. Lewis*, 358 F. App'x. 459, 460 (4th Cir. Dec. 31, 2009) (unpublished) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991); *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978)).

In this case, Plaintiff fails to show a constitutional violation. While the presence of a dead rodent in Plaintiff's food is revolting, this incident does not objectively constitute a denial of the "minimal civilized measure of life's necessities." Moreover, Plaintiff saw the dead mouse, vomited, and declined to eat the cereal; therefore, he did not ingest the contaminated food. Plaintiff does not allege chronic problems with his meal trays at WRJ, nor does he claim a ***serious*** or ongoing medical or emotional deterioration attributable to the challenged condition. "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler,* 989 F.2d at 1381. Isolated incidences of contaminated or spoiled food do not amount to an excessive risk of serious harm. *See, e.g., Washington v. Galbraith,* No. CV MJM-23-1261, 2024 WL 1299364, at *4 (D. Md. Mar. 27, 2024) (holding that inmates who received trays with undercooked meat on two occasions failed to show an excessive risk of serious harm); *Wilson v. Morales*, No. 3:23CV204 (DJN), 2023 WL 7545217, at *5 (E.D. Va. Nov. 13, 2023) ("Wilson fails to allege facts sufficient to indicate that, by receiving one tray with fecal matter in the peas and carrots portion, he sustained a serious or significant mental or physical injury as result or that receiving this tray created an unreasonable risk of danger to his future health."); *Holbrook v. Aldridge*, No. 3:21-CV-00170, 2022 WL 4000718, at *11 (S.D.W. Va. Aug. 1, 2022), *report and recommendation adopted,* No. CV 3:21-0170, 2022 WL 3994721 (S.D.W. Va. Aug. 31, 2022) (holding that "a single incident

6

of a meal possibly containing a malodorous substance and approximately four hairs of unknown origin does not rise to the level of a constitutional violation."); *Brown v. Brock*, 632 F. App'x 744, 747 (4th Cir. 2015) (citation omitted) ("A single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner ...."); *Reed v. Olson,* Case No. 4:09-3126-JFA-TER, 2011 WL 765559, at *3 (D.S.C. Feb. 24, 2011) ("The fact that the food occasionally contains foreign objects or is sometimes served cold, while unpleasant, does not amount to a constitutional deprivation.") (quoting *Hamm v. Dekalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)); *Allen v. Maryland,* Case No. L-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) (Although prisoner found a burnt rodent in his breakfast, he failed to state a constitutional claim because he did not allege that his food "regularly or even often contains mice or other foreign objects."); *Marshall v. Bazzle,* C/A No. 4:08-cv-2775-GRA, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009) (Prisoner's claims that he bit into a raw chicken heart buried in his dinner of chicken livers and, on another occasion chewed on glass found in his food, were not cognizable under the Constitution.).

These cases are consistent with those of other circuits. *See, e.g., Scott v. Yakimovicz*, No. 422CV00739LPRERE, 2022 WL 17970694, at *3 (E.D. Ark. Sept. 30, 2022), *report and recommendation adopted,* No. 422CV00739LPRERE, 2022 WL 17969618 (E.D. Ark. Dec. 27, 2022) (noting that courts repeatedly have held that one isolated incident of being served spoiled or contaminated food "falls well below the standard to support a constitutional violation") (citations omitted); *Sanders, v. Carrick*, No. 521CV00048TESCHW, 2021 WL 12251632, at *3 (M.D. Ga. May 26, 2021), *report and recommendation adopted sub nom. Sanders v. Carrick*, No. 521CV00048TESCHW, 2021 WL 12251629 (M.D. Ga. June 30, 2021) ("A single incident of alleged food poisoning

7

[from contaminated food] is not objectively sufficiently serious or extreme enough to violate the Constitution."); *Huff v. Atl. Cnty. Just. Facility*, No. CV 20-9761(RMB-AMD), 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("However, isolated instances of spoiled or contaminated food do not amount to a constitutional violation.); *Fountain v. Shaw,* No. 10-c-1484, 2011 WL 4888874, at *5 (N.D. Ill. Oct. 13, 2011) (A dead mouse on prisoner's food tray was "insufficient to establish an Eighth Amendment violation."); *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (per curiam) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); *Smith-Bey v. CCA/CTF,* 703 F.Supp.2d 1, 8, (D.D.C. 2010) ("[T]wo instances of discovering cockroaches in one's food do not rise to the level of sufficiently serious deprivation" under the Constitution.); *Speech v. Ward,* No. S-05-1403 FCD DAD P, 2006 WL 2849822, at *2 (E.D. Cal. Oct. 4, 2006) (Single instance of being served a meal contaminated with maggots was not a constitutional violation even though prisoner had heard rumors about others finding roaches and worms in the prison's cereal); *Boulware v. Hill,* No. CIV.A. 98-3876, 2000 WL 1593989 (E.D. Pa. Oct. 24, 2000) ("One instance of a prisoner biting into a mouse contained in his lunch does not constitute a denial of the 'minimal civilized measure of life's necessities.'"). Accordingly, the undersigned **FINDS** that Plaintiff has not alleged facts sufficient to state a Fourteenth Amendment claim.

### IV. Proposal and Recommendations

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1)*,* be **DENIED**, as moot; and this case be **DISMISSED** and **REMOVED** from the docket

of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  April 18, 2024

Cheryl A. Eifert
United States Magistrate Judge